UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTINA MARIE MORONES,

Plaintiff,

v.

PHH MORTGAGE CORPORATION, et al.,

Defendants.

No. 2:26-cv-00705-DAD-CKD (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff Christina Marie Morones proceeds without counsel and filed a motion for a temporary restraining order. This case is referred to the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). The motion is appropriate for decision without oral argument and is submitted on the record and briefs on file. See Local Rule 230(g). For the reasons set forth below, the motion should be denied.

**I. Background**

Plaintiff filed the operative original complaint in the San Joaquin County Superior Court and defendants filed the notice of removal on March 4, 2026. (ECF No. 1.) Plaintiff's operative complaint is 408 pages consisting of 355 pages plus 50 pages of exhibits and asserts 58 causes of action stemming from her default on a loan secured by her real property. (ECF No. 1-1.) On April 8, 2026, defendants filed a motion to dismiss, requesting dismissal of the complaint without leave to amend. (ECF No. 5.) The motion to dismiss is fully briefed. (ECF Nos. 11, 12.)

After briefing on the motion to dismiss was complete, on October 28, 2026, plaintiff filed a motion for leave to amend the complaint. (ECF No. 13.) Plaintiff's proposed first amended complaint seeks to bring claims alleging violations of the Real Estate Settlement Procedures Act (RESPA), the California Homeowner Bill of Rights (HBOR), a claim for breach of contract and breach of the implied covenant of good faith and fair dealing, and a violation of California's Rosenthal Fair Debt Collection Practices Act. (ECF No. 14.)

On November 6, 2026, plaintiff filed the motion for temporary restraining order presently before the court. (ECF No. 16.) Defendants filed an opposition. (ECF No. 17.)

**II. Legal Standard**

The relief plaintiff seeks is governed by Rule 65 of the Federal Rules of Civil Procedure. The analysis for granting a temporary restraining order ("TRO") or preliminary injunction is "substantially identical." Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). Both remedies are "extraordinary and drastic," Lopez v. Brewer, 680 F.3d 1068, 1072 (9th Cir. 2012) (internal citation omitted), and "may only be awarded upon a clear showing that the plaintiff is entitled to such relief," Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "A plaintiff seeking [injunctive relief] must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." Id. at 20. Courts in the Ninth Circuit may alternately apply a "serious questions" test and issue injunctive relief where a plaintiff raises "serious questions going to the merits" and "the balance of hardships tips sharply in plaintiff's favor," if the other Winter factors are also met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

**III. Discussion**

As a preliminary matter, plaintiff fails to sufficiently explain why she did not seek injunctive relief earlier. Local Rule 231(b) provides as follows:

> Timing of Motion. In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the

> applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

Plaintiff alleges the foreclosure sale is scheduled for December 3, 2026, and her exhibit shows she received an email containing this information on October 16, 2026. (ECF No. 16-3 at 11.) Plaintiff then delayed filing the present motion until three weeks later, on November 6, 2026. In the meantime, plaintiff sought leave to file an amended complaint on October 28, 2026, and made no effort to file a properly noticed motion for a preliminary injunction at that time. Plaintiff's delay in seeking this relief contradicts her allegations of irreparable injury.

The court does not question that plaintiff is at risk of losing her home in the scheduled sale. However, to the extent plaintiff seeks to enjoin the trustee's sale, plaintiff does not dispute that she defaulted on the loan and has not alleged ability to tender the amount owing on her loan. "Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that [s]he has made a valid and viable tender [offer] of payment of the indebtedness." Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp.2d 1177, 1183 (N.D. Cal. July 9, 2009) (internal quotation marks and citations omitted); see also, e.g., Spence v. Lehman Bros. Bank, No. CV F 10-1226 LJO DLB, 2010 WL 2851010, at *3 (E.D. Cal. July 20, 2010) ("Without Ms. Spence's meaningful tender, Ms. Spence seeks empty remedies, not capable of being granted, and there is no possibility of irreparable harm to Ms. Spence."); Trepany v. Deutsche Bank Nat'l Tr. Co., No. CV 15-00965-AB (EX), 2015 WL 12745796, at *7 (C.D. Cal. May 13, 2015) (denying preliminary injunctive relief where the plaintiff did not allege he would qualify for and take advantage of some form of re-financing or alternate payment plan, or that he could offer a full tender of the full amount owed on the mortgage). Given plaintiff's default on the loan, lack of allegations about ability to tender, and lack of allegations that she would qualify for some alternate arrangement, the court does not find plaintiff has established a likelihood of irreparable harm in the absence of a preliminary injunction.

The court also does not find serious questions or a likelihood of success on the merits of plaintiff's claims. As the moving party, plaintiff bears the burden of establishing the merits of her

claims. See Winter, 555 U.S. at 20. Plaintiff cites the correct standards for preliminary injunctive relief but fails to show how those standards are satisfied.

Aside from the contents of her pleadings, plaintiff has not furnished evidence to support the motion other than evidence of the sale date and her own declaration. Plaintiff's declaration is conclusory and merely states, for example, that she "dispute[s] the foreclosure process" and "dispute[s] that all foreclosure prerequisites and amounts were accurate or lawfully handled." (ECF No. 16-3 at 4.) Plaintiff's argument in support of the motion similarly alleges in conclusory fashion that she "disputes arrears, escrow shortages, fees, payment application, and foreclosure-status communications." (ECF No. 16-2 at 11.) To simply allege there have been irregularities in accounting or notice which plaintiff is challenging through the pending suit will not suffice. See, e.g., Zander v. Ace Mortg. Funding LLC, No. EDCV111370CASDTBX, 2011 WL 13225292, at *2 (C.D. Cal. Nov. 3, 2011) (providing only "conclusory support… that [plaintiffs] are likely to succeed on the merits of their claims" under RESPA does not suffice to carry the burden in demonstrating that a temporary restraining order is warranted); Zinnel v. CitiMortgage, Inc., No. 2:10CV-02406-GEB-DAD, 2010 WL 3715079, at *4 (E.D. Cal. Sept. 16, 2010) (explaining that arguments of defective notices were insufficient to support injunctive relief where the plaintiff merely declared he believed them to be deficient).

Plaintiff's motion for a temporary restraining order argues her strongest showing for preliminary injunctive relief rests on the pleaded RESPA and HBOR violations. (ECF No. 16-2 at 11-12.) RESPA provides only for monetary relief for violations of its notice requirements. 12 U.S.C. § 2605(f). "Thus, even if plaintiff could establish a likelihood of success on… a RESPA claim, an injunction of the trustee's sale is not an appropriate remedy." Moon v. Recontrust, NA, No. C11-1006JLR, 2011 WL 2474264, at *3 (W.D. Wash. June 20, 2011).

Plaintiff argues California Civil Code section 2924.12 expressly authorizes injunctive relief for material violations of HBOR provisions. (ECF No. 16-2 at 11.) Section 2924.12 provides as follows:

> Any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent has corrected

> and remedied the violation or violations giving rise to the action for injunctive relief. An enjoined entity may move to dissolve an injunction based on a showing that the material violation has been corrected and remedied.

Cal. Civ. Code § 2924.12. Thus, California's HBOR "would only entitle Plaintiff to an injunction until Defendants cured any defects in that notice[.]" Trepany v. Deutsche Bank Nat'l Tr. Co., No. CV 15-00965-AB (EX), 2015 WL 12745796, at *7 (C.D. Cal. May 13, 2015). Plaintiff's motion for a temporary restraining order does not identify any specific, material HBOR violations. Plaintiff appears to recognize she has not attempted to demonstrate a likelihood of success on any specific HBOR violation and merely asks the court to recognize that her operative 408-page pleading and supporting documents raise questions about the foreclosure process. (Id. at 11-12.) This will not suffice to meet plaintiff's burden. See, e.g., Kargman v. PNC Bank, N.A., No. 3:26-CV-985-SI, 2026 WL 2212300, at *6 (D. Or. July 31, 2026) ("Simply alleging that there have been accounting, notice, or other documentary irregularities which plaintiff challenges is insufficient. Plaintiff must identify the documents and explain why he believes they are problematic, without simply labeling them as such."); Zander, 2011 WL 13225292, at *3 (conclusory allegations are insufficient to establish the probability of success on the merits, even under the "serious questions" test).

Plaintiff fails to show she is likely to succeed on the merits or that there are serious questions on the merits of the claims presented. See Winter, 555 U.S. at 20; Alliance for the Wild Rockies, 632 F.3d at 1135. Thus, plaintiff fails to establish the most important Winter factor, which is also relevant to the court's evaluation of the other factors. See Baird v. Bonta, 81 F.4th 1036, 1044 (9th Cir. 2023). Plaintiff has not shown the relevant factors support granting preliminary relief, and the request for emergency injunctive relief should be denied.

## IV. Recommendation

For the reasons set forth above, IT IS RECOMMENDED that plaintiff's motion for temporary restraining order (ECF No. 16) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: 11/10/26

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 moro26cv0705.tro